**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARTURO GUZMAN-ALCOCER, AKA
Ramiro Arturo Guzman-Alcocer,

                    Petitioner,

    v.

ROBERT M. WILKINSON, Acting
Attorney General,

                    Respondent.

No.    19-71711

Agency No. A093-161-478

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Arturo Guzman-Alcocer, native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen and terminate or remand proceedings. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

In his opening brief, Guzman-Alcocer does not raise any challenge to the BIA's determination that reopening for termination of proceedings was not warranted. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying as untimely Guzman-Alcocer's motion to reopen and remand to adjust status where it was filed more than two years after the order of removal became final. *See* 8 C.F.R. § 1003.2(c)(2). We lack jurisdiction to consider Guzman-Alcocer's contentions regarding equitable tolling. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). We also lack jurisdiction to review the agency's decision not to reopen proceedings sua sponte. *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

As stated in the court's September 5, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.

19-71711